# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Property and Casualty Insurance Company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Jeff Torotra, et al.,<br><br>　　　　　　　　Defendant. | Case No. 2:20-cv-00078-APG-BNW<br><br>**ORDER** |

　　　　Before the Court is plaintiff Allstate Property and Casualty Insurance Company's motions to effect service by publication upon defendant Jeff Tortora and to enlarge the time for that service. ECF Nos. 21 and 22. In an errata, Allstate informed the Court that Tortora accepted personal service—less than two weeks after Allstate filed its motions—on July 22, 2020. ECF No. 24. Thus, the motion for service by publication will be denied as moot. Further, Allstate has established good cause for an extension on the time for service. Therefore, the Court will grant Allstate's second motion and retroactively extend the time for service to July 22, 2020.

**I.　　Background**

　　　　Allstate alleges that during a musical performance at a club in June 2018, Tortora—the lead singer of a band named "Tinnitus"—received an apparent invitation from audience member and defendant Daniel Joseph Facchian to dive into the audience and "crowd surf." ECF No. 1 ¶ 9. Tortora accepted this invitation. *Id.* ¶ 10. Unfortunately, however, when Tortora jumped from the stage and onto Facchian, Facchian was unable to sustain Tortora and the two fell to the ground. *Id.* ¶ 11.

Allstate initiated this matter in January 2020 with a complaint for declaratory relief. *Id.* ¶ 15.  In its complaint, Allstate asks the Court to determine whether Allstate has a duty to defend or indemnify Tortora from losses allegedly incurred because of the crowd surfing accident.  *Id.*

Allstate filed its underlying motions on July 10, 2020, and they remain unopposed.  ECF Nos. 21 and 22.

**II.     Discussion.**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed."  FED. R. CIV. P. 4(m).  Rule 4(m) provides a two-step analysis to determine whether to extend the time for service.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At the first step, the Court "must" extend the time for service "upon a showing of good cause."  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect."  *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause.  *Id.*  Generally, good cause is equated with diligence.  *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).  A showing of good cause requires more than inadvertence or mistake of counsel.  *Id.*  "[A]t a minimum, good cause means excusable neglect."  *In re Sheehan*, 253 F.3d at 512 (quotation omitted).  To determine whether excusable neglect rises to the level of good cause, a plaintiff may be required to show: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed.  *In re Sheehan*, 253 F.3d at 512.

Here, the Court need not advance beyond the first step because it finds that Allstate has established good cause for the requested extension.  The original deadline for service of Allstate's complaint was April 12, 2020.  *See* ECF No. 1; Fed. R. Civ. P. 4(m) (imposing a 90-day deadline triggered by the filing of a complaint).  Upon Allstate's motion, the Court extended that deadline to July 12, 2020, ECF Nos. 9 and 10.

In terms of diligence, the Court finds it significant that Allstate filed its motion to extend the time for service prior to the expiration of the latest service deadline.  The Court likewise finds

it significant that Tortora eventually accepted personal service. ECF No. 24 at 2. Further, Allstate attempted service on Tortora 10 times at 2 addresses and searched for and investigated Tortora's social media accounts. ECF No. 22 at 15. Allstate commissioned a process server to perform a search of propriety data to locate Tortora's address. *Id.* Ultimately, Allstate located Tortora's email address and reached out to him through that medium prior to the expiration of the current service deadline. *Id.* at 4.

Based on the above, the Court finds that Allstate has established diligence, which this Court and the Ninth Circuit equate with good cause. The Court may retroactively extend the time for service. *See U.S. v. 2, 164 Watches, More or Less Bearing A Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). And it will do so here.

**III.   Conclusion.**

IT IS THEREFORE ORDERED that plaintiff's motion for service by publication (ECF No. 21) is DENIED as moot.

IT IS FURTHER ORDERED that the plaintiff's motion to extend time (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the deadline for service upon defendant Jeff Tortora is retroactively extended up to an including July 22, 2020.

DATED: September 15, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE