UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>JEFF TORTORA, et al.,<br><br>Defendants | Case No.: 2:20-cv-00078-APG-BNW<br><br>**Order Denying Motion to Supplement and Granting Motion for Summary Judgment**<br><br>[ECF Nos. 36, 43] |

Defendant Jeff Tortora was performing on stage at a club as part of a rock band called Tinnitus. Co-defendant Daniel Facchian was in the crowd and gestured at Tortora to jump off the stage and crowd-surf, while indicating that he and others would catch Tortora. Tortora granted Facchian's wish, jumped off the stage, and landed on Facchian. Apparently displeased with the results, Facchian sued Tortora and the club operators in state court for personal injuries. Allstate Property and Casualty Insurance Company (Allstate) is defending Tortora in the underlying suit under a homeowners insurance policy that it issued to him. Allstate filed this lawsuit in this court seeking a declaration that it has no duty to defend or indemnify Tortora.

Allstate moves for summary judgment, arguing it has no duty to defend or indemnify Tortora due to three exclusions in the insurance policy for business activities, professional services, and liability assumed out of a contract or agreement. Facchian opposes, arguing that Tortora testified he was performing as a hobby or for the fun of entertaining and not as a business pursuit.[1] Facchian also argues that whether Tortora was acting in furtherance of a

---

[1] Facchian also argues that Allstate cannot seek declaratory relief because it has suffered no injury and the requested relief would not redress Allstate's claimed injury because Allstate may

business pursuit is a question that is best left for resolution in the state court proceeding. Defendants TCB Las Vegas, LLC and Count's Kustoms, LLC (the club operators) joined Facchian's response.

After summary judgment briefing was complete, TCB and Count's moved for leave to supplement their joinder. TCB and Count's advise the court that Tortora and Facchian were settling Facchian's claims in the underlying lawsuit and that Allstate was providing the payment for the settlement. TCB and Count's argue that this shows that Allstate believes there is coverage under the policy or it would not offer to pay to settle the underlying lawsuit. Allstate opposes supplementation, arguing that there is no good cause for the supplement and that settlement offers are not admissible to prove Allstate's liability to defend or indemnify.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motions. I deny the motion to supplement because even if I considered the proffered evidence, Allstate's decision to pay a cost of defense settlement does not tend to prove that it concedes there is coverage under the policy. I grant Allstate's motion for summary judgment because no genuine dispute remains that the business activities exception applies.

**I. MOTION TO SUPPLEMENT (ECF No. 43)**

Under Local Rule 7-2(g), a party may not supplement briefs "without leave of court granted for good cause." TCB and Count's have not shown good cause for supplementing their joinder to Facchian's opposition. The fact that Allstate is willing to contribute money to settle Facchian's claim in the underlying lawsuit is not an admission that there is coverage under the policy. By these defendants' own evidence, the settlement money is characterized as "costs of

---

commit bad faith conduct in the underlying lawsuit. I rejected these arguments in a prior order and there is no basis to reconsider that ruling. *See* ECF No. 35.

defense money of $15,000 to resolve" the underlying state court case. ECF Nos. 43-2 at 4; 43-3 at 2. That is not an admission that coverage exists because Allstate is defending Tortora in the underlying litigation under a reservation of rights. ECF Nos. 1 at 3; 27 at 1. I therefore deny supplementation.

## II. MOTION FOR SUMMARY JUDGMENT (ECF No. 36)

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

The interpretation of an insurance contract is a question of law for the court. *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). "An insurance policy should be read as a whole, and its language should be analyzed from the perspective of one untrained in law or in the insurance business. Policy terms should be viewed in their plain, ordinary and popular

connotations." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011) (quotation omitted). "[C]lauses excluding coverage are interpreted narrowly against the insurer." *Powell*, 252 P.3d at 672 (quotation omitted). To prove an exclusion excludes coverage under a policy, the insurer must 1) "write the exclusion in obvious and unambiguous language," 2) show the insurer's proposed interpretation is the only fair interpretation of the exclusion, and 3) show the exclusion clearly applies to the claim at hand. *Id.* at 674. "Ultimately, a court should interpret an insurance policy to effectuate the reasonable expectations of the insured." *Id.* at 672 (quotation omitted).

The policy provides coverage under Coverage X Family Liability Protection for "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy." ECF No. 36-3 at 53. Coverage Y also provides coverage for reasonable medical expenses for bodily injuries caused by the insured's activities. *Id.* The policy excludes from Coverages X and Y bodily injury "arising out of the past or present business activities of an insured person." *Id.* at 54, 56. Business is defined as "any full- or part-time activity of any kind engaged in for economic gain . . . ." *Id.* at 33.

The Supreme Court of Nevada has held that a similar business pursuits exclusion was "clear and unambiguous." *Dwello v. Am. Reliance Ins. Co.*, 990 P.2d 190, 191-92 (Nev. 1999) (excluding bodily injury arising out of "business pursuits," including "occasional or part-time business pursuits"). To determine whether the activity in question falls within a business pursuits exclusion under *Dwello*, I consider "(1) whether the pursuit involves a continuity or customary engagement in the activity; and (2) whether the activity involves a profit motive." *Id.* at 192.

4

Tortora's regular occupation is as a percussionist for the Blue Man Group. ECF No. 36-5 at 6. He and other professional musicians play for the band Tinnitus in addition to their regular jobs. ECF No. 36-4 at 5, 7, 13-14. Tinnitus was formed in 2008. *Id.* at 7. The band performed approximately 15 times at Count's in the five years preceding the stage-jumping incident, and about eight to ten times at other venues within this same time period. ECF No. 36-5 at 6-7.

The band is paid for its performances in the United States.[2] ECF Nos. 36-2 at 11; 36-4 at 7; 36-5 at 4, 9. Tinnitus was initially paid $600 per performance at Count's, which was later increased to $1,200 for a 90-minute performance. ECF Nos. 36-4 at 9; 36-5 at 5-6. The band splits the payment equally among its six members. ECF No. 36-5 at 4, 6. The compensation is not sufficient for Tortora to support himself, but the band required "a certain budget to get paid, because [the performers were] not going to do it for free." ECF No. 36-4 at 9. Although the band required payment to perform, Tortora also testified that he played in the band for fun, that it was "not a financial enterprise" for him, and that performing with Tinnitus "just . . . feeds the soul." *Id.* at 28. He also described his playing with Tinnitus as a hobby. *Id.* at 30. But he acknowledged that if the band was offered a "corporate gig," he "would take it." *Id.* at 28.

No genuine dispute remains that the business activities exclusion applies because Tortora's performances with Tinnitus constitute part-time activity engaged in for economic gain as defined in the policy. Under *Dwello*, the activity involved customary or continuous engagements and involved a profit motive. Although Tinnitus performed only a few times each year, it has existed since 2008 and played both internationally and domestically. The band would not play in the United States without being paid, its compensation at Count's doubled over

---

[2] The band did some unpaid performances in other countries while the Blue Man Group was on international tours. ECF No. 36-4 at 8.

5

time, each band member received $200 for a 90-minute performance, and if offered other gigs, the band would have taken them. The mere fact that the band members had other main sources of income or that they also played for the joy of entertaining does not negate economic gain or a profit motive. Because the business activities exception applies, Allstate is entitled to a declaration that it has no duty to indemnify or defend Tortora in the underlying state court action. *United Nat'l Ins. Co. v. Frontier Ins. Co. Inc.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc) (stating there is no duty to defend or indemnify where there is no actual or potential coverage under the policy).

Facchian argues that the question of whether Tortora was engaged in a business activity is best resolved in the underlying state court action. But there is no indication that this question will be litigated in that case. That case is one for negligence by Facchian against Tortora and the club operators. ECF No. 1-1. Facchian has not explained how that action will inquire into whether Tortora was involved in a business activity for purposes of the Allstate policy when he jumped off the stage and onto Facchian.³ I therefore grant Allstate's motion for summary judgment.

**III.  CONCLUSION**

I THEREFORE ORDER that defendants TCB Las Vegas, LLC and Count's Kustoms, LLC's motion for leave to file supplemental joinder **(ECF No. 43) is DENIED**.

I FURTHER ORDER that plaintiff Allstate Property and Casualty Insurance Company's motion for summary judgment **(ECF No. 36) is GRANTED**. I hereby declare that plaintiff Allstate Property and Casualty Insurance Company owes no duty to defend or indemnify

---

³ If the state court action is being settled, as TCB and Count's assert in their motion to supplement, then the question will not be resolved in that case even if it somehow were at issue.

defendant Jeff Tortora in the underlying litigation *Facchian v. TCB Las Vegas, LLC, et al.*, No. A-19-796631-C. The clerk of court is instructed to enter judgment accordingly in favor of plaintiff Allstate Property and Casualty Insurance Company and against the defendants, and to close this case.

DATED this 10th day of March, 2022.

                                                                           _____
                                                                           ANDREW P. GORDON
                                                                           UNITED STATES DISTRICT JUDGE